## ANSPACH v. BEYER.

[No. 13,096.   Filed July 20, 1928.]

*Carl J. Broo, Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellant.

*Barnard & Barnard* and *Joseph C. Herron,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant in two paragraphs of complaint. The first paragraph seeks to recover ten per cent. of the net profits made by appellant's department store located in the city of New Castle, Indiana, as additional compensation for appellee's service, which was designated as a bonus, and which it is alleged appellant agreed to pay appellee, and alleges

that, under the management by appellee, the store made a net profit of $19,000. The recovery was on this paragraph. Answer in denial. A trial by the court without a jury resulted in a judgment against appellant for $1,032.84, from which, after appellant's motion for a new trial was overruled, this appeal. The error assigned is the court's action on the motion for a new trial.

At the trial, appellee's witness, who was the bookkeeper for appellant in the store involved, was asked to state what profit, if any, the store made during the year involved. Appellant objected to this question on the ground that it called for a conclusion. The objection was overruled, and the witness answered that the profits were between $20,000 and $21,000. The statement of the record does not show that there was any exception taken to the court's ruling. Appellant undertakes to present this alleged error under the fifth assignment in his motion for a new trial, which is, that "The court erred in permitting the witness Leo Rosenfeld to testify as to the profits in the operating of the New Castle store from memory without showing the loss of the books of said company." No authority is needed to sustain our holding that nothing is presented for our consideration.

The evidence is ample to sustain the decision of the court, and the amount of recovery is not too large. A larger judgment might well have been rendered. There is no merit in this appeal. Affirmed, and ten per cent. damages are assessed in favor of appellee, under §727 Burns 1926.